IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LOUIS VASSALLO, on Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-cv-00097 |
| GOODMAN NETWORKS, INC. | § § § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**

Plaintiff, Louis Vassallo, individually, and on behalf of all others similarly situated (hereinafter "Plaintiffs"), hereby move the Court for an order to notice potential class members in this case as a class action pursuant to Rule 23(a), (b)(2) of the Federal Rules of Civil Procedure on behalf of the following class of similarly situated persons:

> *All of Defendant's current and former employees employed as Construction Managers and who were paid pursuant to a flat salary with no payment for hours worked beyond 40 hours before the filing of this Complaint up to the present.*

This motion is based upon the accompanying memorandum of law and exhibits.

          Respectfully submitted,

          THE VETHAN LAW FIRM, PC

          By: /s/ Charles M.R. Vethan
          Charles M.R. Vethan
          SBN: 00791852
          Federal Bar No: 19566
          8700 Crownhill Boulevard | Suite 302
          San Antonio, Texas 78209
          Telephone: (210) 824-2220
          Facsimile: (210) 826-2223
          cvethan@vethanlaw.com
          ATTORNEY IN CHARGE FOR PLAINTIFFS & CLASS MEMBERS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR NOTICE TO POTENTIAL CLASS**

**I.     INTRODUCTION**

1.     Plaintiff filed this Fair Labor Standards Act ("FLSA") lawsuit on behalf of himself and as a collective action under 29 U.S.C. § 216(b), which permits an employee to maintain an action against the employer for and on behalf of himself, and other employees similarly situated against Defendant Goodman Networks, Inc. ("Goodman Networks"). Specifically, this class ("Class") consists of:

> *All of Defendant's current and former employees employed as Construction Managers and who were paid pursuant to a flat salary with no payment for hours worked beyond 40 hours before the filing of this Complaint up to the present.*

2.     Plaintiff seeks an order conditionally certifying this Class under the FLSA and providing notice to the members of this class of the existence of this suit and their right to opt-in. This action seeks class-wide relief on behalf of all of Defendants' current and former Construction Managers who were paid pursuant to the pay method of a flat salary with no additional payment for work performed in excess of forty (40) hours per week. The only issue before this Court is whether Plaintiff is entitled to send notice to other similarly situated employees who were denied properly calculated overtime compensation.

3.     Plaintiff fully incorporates by reference the following:

  Exhibit A - Unsworn Declaration of Louis Vassallo; and,

  Exhibit B - Plaintiffs' Proposed Notice to Class Members.

  Exhibit C - Job Posting for Construction Managers Nationwide

  Exhibit D - Goodman Construction Manager III Template

   **A.     *Nature and State of the Proceeding***

4. Defendant, Goodman Networks, Inc. ("Goodman Networks"), provides network services and implementation to customers throughout the United States and Texas. Goodman Networks employs Construction Managers to perform one portion of those services. Goodman Networks is an employer under the FLSA and acted as such in relation to Plaintiff and Class Members.

5. Plaintiff and Class Members were non-exempt employees who are employed or previously employed by the Defendant as "Construction Managers," and routinely worked in excess of forty (40) hours in a workweek. Pursuant to a companywide policy, Defendant did not compensate Construction Managers for those hours in excess of forty (40) at one and one-half times their regular rate of pay. (Exhibit A). None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff and Class Members.

6. The FLSA requires that these non-exempt employees be compensated for overtime work at the mandated overtime wage rate. Plaintiff alleges that Defendants violated the FLSA by failing to properly calculate and compensate them time and one-half for each hour worked in excess of a forty (40) per work week. Accordingly, Plaintiff brought this collective action to recover unpaid overtime compensation under 29 U.S.C. § 206 and §216(b).

7. Upon information and belief, Defendant Goodman Networks is a nationwide telecommunications network services company with revenues exceeding $900 million. As such, Goodman Networks is a sophisticated business with the knowledge and expertise to know that the payment structure of the Construction Managers is impermissible under the FLSA.

8. This case is in the *Lusardi* "notice" stage as more fully explained below.

9. Discovery has not yet proceeded in this above styled matter.

10. Plaintiff respectfully requests this Court conditionally certify this case as a collective action under 29 U.S.C § 216(b), authorize approved notices, and order the production of names, last known addresses, all known phone numbers and email addresses, and dates of employment of all potential class members. Plaintiff will immediately proceed with discovery concerning those individuals upon the granting of this motion.

## II.     FACTUAL BACKGROUND

### A.     *The Job Description*

11. Defendant provides network services and implementation to customers throughout the United States and Texas and employs Construction Managers to perform one portion of these services. Plaintiff and Class Members are and/or were employed as Construction Managers.

12. As a Construction Manager, Plaintiff and Class Members' primary duties include, but are not limited to, driving to and from worksites over vast distances, collecting information and reporting findings to designated managers.[1] Construction Managers essential function, as well as for Construction Managers II, III and IV, as defined in job postings by Defendant, are primarily to be the eyes at multiple sites and report progress and needs to project managers who make final decisions.[2] There is no discernable difference between the "essential function" for Construction Managers II, III, or IV.[3] Construction Managers are also expected to answer emails and take conference calls with management while driving long distances between worksites or delay very long travel and extend employee workdays several hours.[4] Construction Managers regularly and routinely must and are expected to stay in motels and hotels on trips between worksites and expected to work six (6) and

---

1 *See* Exhibit A, Declaration of Louis Vassallo; *see also* Exhibit C, Job Description for Construction Managers II, III and IV nationwide.
2 *Id.*
3 *Id.*

seven (7) days a week.[5]

13. During the relevant time period, Defendant compensated Plaintiff and Class Members a flat salary.[6] Plaintiff was paid this salary for any work completed during a week.[7] However, Plaintiff and Class Members are regularly required to work on weekends at the sole discretion of a Supervisor, and not paid for any additional time over forty (40) hours.[8] For any hours over forty (40) hours, Defendant failed to pay overtime in accordance with the FLSA. Construction Managers are required to work over sixty (60) hours per week without receiving the required overtime compensation as mandated by the FLSA based on their effective rate pursuant to the FLSA. As such, Defendant wrongfully compensated Plaintiffs and other similarly situated persons. *See Gottlieb v. Construction Servs. & Consultants, Inc.*, No. 05-14139, 2006 WL 5503644, at *6-7 (S.D. Fla. July 24, 2006) (project superintendents whose primary duty "involved producing the product their company existed to market" rather than servicing the company itself, and where "all 'matters of significance' were determined by [the project supervisor's] superiors" were not exempt administrators).[9]

### III. ARGUMENT AND AUTHORITY

#### A. *FLSA Collective Action Certification*

##### i. *Notice to Similarly Situated Parties.*

14. Under the FLSA, employees have the right to bring an action "for and in behalf of... themselves and other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) of the FLSA

---

4 See Exhibit 1, Declaration of Louis Vassallo.
5 *Id.*
6 *Id.*
7 *Id.*
8 *Id.*
9 In *Gottlieb*, the Project Supervisor did not qualify for the administrative exemption because, in part, his duties were primarily to inspect the work of subcontractors to ensure compliance with the builder's plans and to schedule the

establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009). Notice does not issue unless a court conditionally certifies the case as a collective action. *Bernal v. Vankar Enter., Inc.*, 2008 WL 791963, at *3 (W.D. Tex. March 24, 2008). As such, Plaintiff respectfully requests this Court grant an Order allowing conditional certification of the requested class.

15.     The class sought to be formed is for all of Defendant's employees who worked as "Construction Managers", who worked for Defendant from August 21, 2011 through the present date, throughout the United States.

16.     Courts recognize two methods to determine whether to authorize notice to similarly situated employees, advising them of their right to join an FLSA collective action. These methods are the two-step *Lusardi* approach and the class-action based *Shushan* approach. *De la Cruz v. El Paso County Water Imp. Dist. No. 1*, EP-05-CV-206-FM, 2005 WL 2291015 (W.D. Tex. Sept. 19, 2005); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990).

17.     The Eastern District of Texas has regularly used the *Lusardi* "two-step ad hoc approach" as the preferred method for the similarly-situated analysis,[10] which is consistent with Fifth Circuit dicta stating that the two-step approach is the typical manner in which these collective actions

---

subcontractors and supplies to ensure they were both in place at the proper time.
[10] *See, e.g., Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (Schell, J.); Larsen, 2011 U.S. Dist. LEXIS 7405, at *4; *Hickson v. United States Postal Serv.*, 5:09-CV-83, 2010 U.S. Dist. LEXIS 104112, at *18 (E.D. Tex. July 22, 2010) (Craven, Mag. J.), adopted by 2010 U.S. Dist. LEXIS 104120 (E.D. Tex. Sept. 28, 2010) (Folsom, J.); *Jones v. AbClean, Inc.*, 1:08-CV-508, 2010 U.S. Dist. LEXIS 145462 at *9; *Sedtal v. Genuine Parts Co.*, 2009 U.S. Dist. LEXIS 63261, at *6-7; *Beall v. Tyler Techs., Inc.*, 2:08-CV-422, 2009 U.S. Dist. LEXIS 52990, at *4-5 (E.D. Tex. June 23, 2009) (Ward, J.); *Kelly v. Healthcare Servs. Group, Inc*., 2014 U.S. Dist. LEXIS 61216 (E.D. Tex. May 2, 2014); *White v. Denton County*, 2014 U.S. Dist. LEXIS 43881 (E.D. Tex. Feb. 28, 2014);

proceed.[11] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008). Further, this Court has previously accepted the "similarly situated" analysis under the *Lusardi* method as appropriate.[12]

18. Accordingly, Plaintiff addresses the *Lusardi* methodology preferred by this Court, the Western District of Texas, and the Fifth Circuit.

### ii. Lusardi

19. This present case is approaching the "notice stage." Under the notice-stage analysis, the decision whether to issue notice to potential class members is "<u>made using a fairly lenient standard</u>." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (emphasis added). Courts do not review the underlying merits of the action in determining whether to conditionally certify. *Gandhi v. Dell Inc.*, A-08-CA-248 JRN, 2009 WL 1940144 (W.D. Tex. July 2, 2009) (relying on *Mooney,* 54 F.3d at 1212 (5th Cir.1995) and *Lusardi*, 118 F.R.D. 351.

20. Under the first step of the *Lusardi* analysis, courts decide whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1213–14. The first-stage is usually based only on the pleadings and any affidavits which have been submitted. *Mooney*, 54 F.3d at 1214; *see also Castillo v. Hernandez*, EP-10-CV-247-KC, 2010 WL 4595811 (W.D. Tex. Nov. 4, 2010). A plaintiff need only make a *minimum showing* to guide the court's determination in whether to issue notice to potential class members. *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915 (S.D. Tex. 2010).

---

[11] The Fifth Circuit has also stated that "[t]here is a fundamental, irreconcilable difference between the class action described by [Rule 23] and that provided for by [Section 216(b)]," i.e., the "opt out" procedure for class members under Rule 23 as opposed to the "opt in" procedure under Section 216(b). *LaChapelle*, 513 F.2d at 288; *see also Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures.").

21. Later, at the second stage, when discovery is largely complete, a defendant may move to "de-certify" the conditionally certified class. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009).

### a. Similarly Situated Employees

22. For an opt-in class to be created under 29 U.S.C. § 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213-14.

23. A Plaintiff who provides "substantial allegations" showing a factual basis that link potential class members together as the victims of a single decision, policy, or plan that is alleged to violate the FLSA meets this lenient burden. *Pedigo*, 666 F. Supp. 2d at 697; *Mooney*, 54 F.3d at 1214-6. "Courts *routinely* certify cases in which plaintiffs allege and present affidavits or similar evidence showing that their employer followed a consistent practice or policy of refusing to pay overtime for working more than forty scheduled hours in a single workweek." *Quintanilla v. A & R Demolitina, Inc.*, CIV.A. H-04-1965, 2005 WL 2095104 (S.D. Tex. Aug. 30, 2005) (emphasis added).

24. Plaintiff makes this minimal factual showing, through his pleadings and affidavit, of substantial allegations that putative class members were together the victims of a single decision, policy or plan…" *Pedigo*, 666 F. Supp. 2d at 698, *citing Albanil v. Coast 2 Coast, Inc.,* 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008) and *quoting Mooney*, 54 F.3d at 1214). Plaintiff submits his affidavit showing that all "Construction Manager" employees were subject to the same factual and employment settings of the individual plaintiffs. All Plaintiffs and similarly situated persons:

---

[12] *See, e.g., Hickson*, 2010 U.S. Dist. LEXIS 104112, at *18.

- were all paid pursuant to a salary basis without regard to overtime worked; and,

- were all Construction Managers and performed the same kind of work.

*See* Exhibit A and Exhibit C. Additionally, Plaintiff is aware of other similarly situated parties who were paid under the same compensation policy by the Defendant employers who would be interested in joining this matter as class parties. *See* Exhibit A. Plaintiff has shown that the positions and pay method of other employees are similar. *Compare Yaklin v. W-H Energy Servs., Inc.*, 2008 WL 1989795, at *3 (S.D.Tex. May 2, 2008) (determining that there was no basis to determine whether positions and pay method of other employees were similar).

25. Additionally, pursuant to Goodman Networks Construction Manager III Template provided by Defendant prior to this case, the position considers the implications of the FLSA and classifies the position "Exempt." *See* Exhibit D. The job description template goes on to state that it is a collective *physical* demand for the position that requires the following:

- "Ability to travel between job sites daily is a must; frequent overnight travel or longer is also a must.

- Must be willing to work days/nights/weekends depending on project demands."

26. All Construction Managers were paid in the same manner, and were not paid overtime. *See* Exhibit A. Therefore, Plaintiffs have established that such uniformity within that group of employees who are Construction Manager exists and conditional certification and issuance of notice is warranted.

27. The sheer volume of Defendant's localities further makes this case suitable for certification because of the judicial economies and efficiencies that can be achieved through collective treatment. The current plaintiff is representative of all localities' Construction Managers employed by Defendant.

### III. NOTICE

#### A. *The Proposed Notice is Fair and Adequate*

28. Plaintiff has shown that Defendant's company-wide policy required employees to work overtime and that Defendant refused to compensate these employees with properly calculated overtime at the required rate of one and one-half times the regular rate. The evidence demonstrates that Plaintiff, along with currently unknown employees, are similarly situated and subject to a uniform payroll policy.

29. Notice to the class should be expedited in this action in order to prevent the wasting of the employees' claims. The employees' claims are governed by a two year statute of limitations or, for willful violations, a three year statute of limitations. *See* 29 U.S.C. § 256(a). Plaintiff's proposed notice is "timely, accurate, and informative," as required, and provides notice of the pendency of the action and of the opportunity to opt in. Exhibit B. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

30. Plaintiff's legal claim is accurately described. It advises potential opt-ins that they are not required to participate, and provides clear instruction as to how to opt-in. The opt-ins are further instructed to file their consents with the Court within ninety (90) days of the mailing. This is consistent with established practice under the FLSA. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172. Lastly, the notice states the prohibition against retaliation or discrimination for participation in this action. *See* 29 U.S.C. § 215(a)(3).

#### B. *Method of Notice*

31. Plaintiff proposes that the notice and consent forms be mailed by first class mail <u>and by electronic mail</u> to all potential opt-ins for the entire three-year period before this lawsuit was filed. Plaintiff's counsel will oversee the mailing (both regular mail and electronic mail) of such notices

and incur the charges for same (postage, copying, etc.).

### C. *Proposed Limited Discovery*

32. The discovery of a mailing list and contact information for class members in a computer readable format is a routine component of notice in collective actions. *See, e.g., De La Rosa Ortiz v. Rain King, Inc.*, Civ. A. No. H-02-4012, 2003 WL 23741409, at *1 (S.D. Tex. Mar. 10, 2003) (granting class notice and ordering Defendant to produce the names, addresses and phone numbers of class employees in a readable computer format); *Alba v. Madden Bolt Corp.*, Civ. A. No. H-02-1503, 2002 WL 32639827 (S.D. Tex. June 5, 2002) (J. Hoyt) (ordering Defendant to produce the full name, last known address, telephone numbers, dates and location of employment for three years); *Hoffmann-LaRoche*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses…").

33. In order to facilitate timely and orderly notice to all Potential Class Members, Plaintiff requests this Court order Defendants to furnish to Plaintiff's Counsel within ten (10) days a list of all Potential Class Members – identifying each person by full name, last known address, all known email addresses, all known phone numbers (home, mobile, etc.), dates of birth, and dates and location(s) of employment for the three years preceding the filing of this action.

34. All of the requested information is necessary to allow Plaintiff sufficient information to confirm current addresses and/or to locate those persons who may have moved from their last known addresses. Production of all known personal and business email addresses is particularly important because such contact information does generally change when a person moves. Without this information, the notices are more likely to be returned due to outdated or inaccurate addresses. In addition, providing phone numbers allows Plaintiff to verify the accuracy of the list by contacting former employees to determine if they are aware of anyone who was subject to the same payroll

practice but whose name was omitted from the list.

## V.   CONCLUSION AND PRAYER

WHEREFORE, Plaintiff respectfully requests this Court grant this Motion by conditionally certifying the following class, and providing the following relief to Plaintiff:

> <u>All of Defendant's current and former employees employed as Construction Managers and who were paid pursuant to a flat salary with no payment for hours worked beyond 40 hours before the filing of this Complaint up to the present.</u>

(1) Conditionally certify this case a collective action under 29 U.S.C. § 216(b) with respect to all of Defendant's current and former employees as Construction Managers and who were paid pursuant to a flat salary with no payment for hours worked beyond forty (40) hours before the filing of this Complaint, to the present;

(2) Authorize mailing of the proposed notice and consent forms (Exhibit B) to all current and former Construction Manager employees; and,

(3) Require Defendant to produce the names and all known addresses, phone numbers, dates of birth, and email addresses for all class members so that notice may be implemented.

Plaintiffs request this Court to conditionally certify the class and allow this matter to proceed as a collective action during discovery.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: __/s/ Charles M.R. Vethan_____
Charles M.R. Vethan
SBN:  00791852
Southern District Bar No: 19566
8700 Crownhill Boulevard | Suite 302
San Antonio, Texas 78209

Telephone: (210) 824-2220
Facsimile: (210) 826-2223
cvethan@vathanlaw.com
ATTORNEY IN CHARGE FOR
PLAINTIFFS & CLASS MEMBERS

## CERTIFICATE OF CONFERENCE

    I certify I attempted in good faith to confer with opposing counsel concerning this motion. Defendant's counsel stated they oppose this motion.

/s/ Charles M. R. Vethan  
Charles M.R. Vethan

## CERTIFICATE OF SERVICE

    This is to certify that on March 2, 2015, a copy of the foregoing instrument was served upon all parties via the Court's electronic case filing system.

/s/ Charles M. R. Vethan  
Charles M.R. Vethan
